IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Perry P. LIEUALLEN, Attorney at Law:

OFFICE OF LAWYER REGULATION, f/k/a Board of
Attorneys Professional Responsibility, Complainant,

v.

Perry P. LIEUALLEN, Respondent.

Supreme Court

*No. 00–3136–D. Filed June 1, 2001.*

2001 WI 50

(Also reported in 626 N.W.2d 802.)

¶ 1. PER CURIAM. We review the corrected findings of fact and recommendations of the referee, John A. Fiorenza, concerning Attorney Perry P. Lieuallen's professional misconduct in failing to keep clients reasonably informed of the status of a matter; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and converting clients' funds to his own use; failing to properly deliver funds to clients or third persons who were entitled to said funds; failing to act with reasonable diligence and promptness in representing clients; failing to hold the property of his clients or third persons in trust; and falsely certifying to the State Bar of Wisconsin that he was in compliance with the record keeping requirements for attorneys holding Wisconsin trust accounts. The referee recommended that Attorney Lieuallen's license to practice law be revoked as a discipline for that misconduct.

¶ 2. We adopt the referee's findings of fact and determine that the seriousness of Attorney Lieuallen's misconduct warrants revocation of his license to practice law in Wisconsin.

¶ 3. Attorney Lieuallen was admitted to practice law in Wisconsin in 1973 and practiced in Port Washington.

¶ 4. On November 17, 2000, the Office of Lawyer Regulation (OLR) filed a complaint setting forth allegations of misconduct with respect to more than twenty of Attorney Lieuallen's former clients. The clients had

479

retained Attorney Lieuallen to represent them in a variety of matters including divorce, personal injury, and criminal cases. The complaint alleged that Attorney Lieuallen committed numerous improprieties with respect to his handling of client funds deposited in his trust account, including converting client funds to his own use, failing to honor clients' requests to return funds, disbursing funds belonging to certain clients to other clients, overdrawing the amounts on deposit for some clients, failing to maintain a cash receipts journal listing the source and dates of deposits put into the trust account, failing to maintain a separate disbursement journal listing the date and payee of each disbursement, failing to maintain a subsidiary ledger containing a separate page for each client for whom funds were received and failing to perform a monthly reconciliation of his trust account.

¶ 5. Attorney Lieuallen did not file an answer to OLR's complaint. On February 22, 2001, this court issued an order temporarily suspending Attorney Lieuallen's license in response to a motion filed by OLR which asserted that the investigation it had conducted in connection with grievances filed by former clients revealed conversion of funds and trust fund improprieties such that Attorney Lieuallen's continued practice of law would pose a threat to the interest of the public and the administration of justice.

¶ 6. The OLR moved for default judgment. That motion was heard on March 13, 2001. Attorney Lieuallen failed to appear at the hearing. The referee granted OLR's motion for default judgment and deemed all allegations contained in OLR's complaint to be true.

¶ 7. The referee found that by failing to keep clients reasonably informed of the status of a matter,

Attorney Lieuallen violated SCR 20:1.4(a).[1] The referee also concluded Attorney Lieuallen engaged in conduct involving dishonesty, fraud, deceit or misrepresentation and that he converted clients' funds, in violation of SCR 20:1.15(a)[2] and SCR 20:8.4(c).[3] The

---

[1] SCR 20:1.4(a) provides:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[2] SCR 20:1.15(a) provides:

(a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c). The trust account shall be maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The trust account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay or avoid imposition of account service charges, may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation, this provision shall not supersede the trust account rules of the other state.

[3] SCR 20:8.4(c) provides:

It is professional misconduct for a lawyer to:

481

referee further found that by misappropriating clients' funds being held in his trust account Attorney Lieuallen violated the standard of conduct set forth by this court in *Disciplinary Proceedings Against Marine*, 82 Wis. 2d 602, 609–10, 264 N.W.2d 285 (1978) and, therefore, violated SCR 20:8.4(f).[4]

¶ 8. The referee also found that Attorney Lieuallen had failed to notify clients or third parties in writing that he had received funds and that he failed to properly deliver funds to clients or third persons who were entitled to said funds, thereby violating SCR 20:1.15(b).[5] The referee also found that Attorney Lieuallen failed to act with reasonable diligence and promptness in representing clients, in violation of SCR 20:1.3.[6]

¶ 9. The referee found that for the years 1995 through 1999, Attorney Lieuallen signed his State Bar

---

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[4] SCR 20:8.4(f) provides:

It is professional misconduct for a lawyer to:
(f)   violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers.

[5] SCR 20:1.15(b) provides:

(b)   Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[6] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

of Wisconsin Fiscal Year Dues Statement certifying that he had a Wisconsin trust account and had complied with each of the record keeping requirements set forth in SCR 20:1.15(e).[7] The referee concluded that by failing to keep complete trust account records and by falsely certifying to the State Bar of Wisconsin that he was in compliance with each of the record keeping requirements set forth in SCR 20:1.15(e), Attorney Lieuallen violated SCR 20:1.15(g).[8]

---

[7] SCR 20:1.15(e) provides:

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

[8] SCR 20:1.15(g) provides:

(g) A member of the State Bar of Wisconsin shall file with the State Bar annually, with payment of the member's State Bar dues or upon such other date as approved by the Supreme Court, a certificate stating whether the member is engaged in the private practice of law in Wisconsin and, if so, the name of each bank, trust company, credit union or savings and loan association in which the

¶ 10. The referee also found that Attorney Lieuallen converted a total of $60,843.29 of clients' funds to his own use.

¶ 11. The referee recommended that Attorney Lieuallen's license to practice law in the State of Wisconsin be revoked as discipline for his professional misconduct; that he be ordered to make restitution to the parties whose funds he converted; and that he be required to pay the costs of the disciplinary proceeding.

¶ 12. We adopt the referee's findings of fact and conclusions of law. Attorney Lieuallen's gross pattern of misconduct in the handling of his clients' matters and his conversion of client funds warrants the revocation of his license to practice law in Wisconsin.

¶ 13. IT IS ORDERED that the license of Perry P. Lieuallen to practice law in Wisconsin is revoked effective the date of this order.

¶ 14. IT IS FURTHER ORDERED that Perry P. Lieuallen comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

member maintains a trust account, safe deposit box, or both, as required by this section. Each member shall explicitly certify therein that he or she has complied with each of the record-keeping requirements set forth in paragraph (e) hereof. A partnership or professional legal corporation may file one certificate on behalf of its partners, associates, or officers who are required to file under this section. The failure of a member to file the certificate required by this section is grounds for automatic suspension of the member's membership in the State Bar in the same manner as provided in SCR 10.03(6) for nonpayment of dues. The filing of a false certificate is unprofessional conduct and is grounds for disciplinary action. The State Bar shall supply to each member, with the annual dues statement or at such other time as directed by the Supreme Court, a form on which the certification must be made and a copy of this rule.

¶ 15.   IT IS FURTHER ORDERED that Perry P. Lieuallen make restitution to the parties listed on Exhibit A of the referee's report, in the amounts stated on Exhibit A.

¶ 16.   IT IS FURTHER ORDERED that within 60 days of the date of this order Perry P. Lieuallen pay the Office of Lawyer Regulation the costs of this proceeding.