IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Perry P. LIEUALLEN, Attorney at Law:

OFFICE OF LAWYER REGULATION f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

Perry P. LIEUALLEN, Respondent.

Supreme Court

*No. 2000AP3136–D. Decided September 25, 2007.*

2007 WI 119

(Also reported in 739 N.W.2d 486.)

¶ 1. PER CURIAM. We review a referee's report recommending that Perry P. Lieuallen's license to practice law in Wisconsin be reinstated. The Board of Bar Examiners (BBE) has joined in that favorable recommendation.

¶ 2. We adopt the referee's findings of fact and conclusions of law and conclude that Attorney Lieuallen's license to practice law should be reinstated. We further direct Attorney Lieuallen to pay the costs of the reinstatement proceeding, which total $5890.69 as of July 17, 2007.

¶ 3. Attorney Lieuallen was admitted to practice law in Wisconsin in 1973. On June 1, 2001, this court revoked his license to practice law as the result of multiple counts of professional misconduct including engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and converting client funds to his own use; failing to properly deliver funds to clients or third persons who were entitled to said funds; failing to hold property of clients or third persons in trust; and falsely certifying to the State Bar of Wisconsin that he was in compliance with the recordkeeping requirements for attorneys holding Wisconsin trust accounts. *See In re Disciplinary Proceedings Against Lieuallen,* 2001 WI 50, 243 Wis. 2d 478, 626 N.W.2d 802.

¶ 4. Attorney Lieuallen now seeks reinstatement of his license to practice law in Wisconsin. Russell L. Hanson was appointed referee in the matter and con-

ducted a formal hearing on the reinstatement petition. The referee filed his report and recommendation on June 28, 2007, and recommended that this court grant the petition for reinstatement.

¶ 5. Supreme Court Rule 22.31(1) provides the standard to be met for reinstatement of a law license. The petitioner has the burden of demonstrating "by clear, satisfactory, and convincing evidence" that the lawyer has the moral character to practice law, that the lawyer's resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the lawyer has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).[1]

¶ 6. The referee in this case concluded that Attorney Lieuallen had met all of the criteria for reinstatement. The referee noted that while at the time of

---

[1] SCR 22.31(1) provides:

Reinstatement hearing.

(1) The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

31

Attorney Lieuallen's revocation it was found that there were 15 separate instances of conversion of client funds, the parties now agree that the correct number of instances of conversion was 5 rather than 15. The referee said it appeared that restitution or arrangements for satisfactory restitution have been made as to those five clients. He also said it appeared that much of what was termed "conversion" could best be characterized as sloppy recordkeeping and a failure to memorialize agreements with clients.

¶ 7.   The referee said it was reasonably clear that prior to his suspension Mr. Lieuallen had been an attorney of better than average quality, and it appeared the factors that led to the revocation of his license were a difficult domestic situation, significant depression, some suggestion of unwise use of alcohol, and taking on more legal work that he could reasonably hope to accomplish. The referee said he was impressed by the love and respect that Mr. Lieuallen showed for the practice of law, and it was clear he earnestly desired to get back to work. The referee said it was clear Mr. Lieuallen earnestly desired to have his license reinstated and was extremely contrite regarding his past misconduct.

¶ 8.   The referee found that Mr. Lieuallen demonstrated by clear, satisfactory, and convincing evidence all of the requirements for reinstatement of his license to practice law in Wisconsin. The referee specifically found that Mr. Lieuallen's reinstatement will not be detrimental to the public but, given the record of quality legal work prior to his revocation, reinstatement was likely to serve the public interest. The referee said Mr. Lieuallen's reinstatement should be contingent upon his continuing to comply with all agreements he previously entered into for reimbursement of his former clients.

¶ 9.   After careful consideration of the record, we agree that Attorney Lieuallen has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law, and we accept the referee's recommendation to reinstate Attorney Lieuallen's license to practice law in Wisconsin, subject to his continued compliance with all agreements he previously entered into for reimbursement of his former clients.

¶ 10.   IT IS ORDERED that the petition for reinstatement of the license of Perry P. Lieuallen to practice law in Wisconsin is granted, effective the date of this order.

¶ 11.   IT IS FURTHER ORDERED that the reinstatement of Attorney Lieuallen's license to practice law be subject to his continued compliance with all agreements for reimbursement of his former clients.

¶ 12.   IT IS FURTHER ORDERED that within six months of the date of this order, Perry P. Lieuallen pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Perry P. Lieuallen to practice law in Wisconsin shall be suspended until further order of the court.

¶ 13.   ANN WALSH BRADLEY, J., did not participate.